[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13334

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL GRAY SMITH, JR.,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:19-cr-00025-TJC-PDB-1

_____

Before NEWSOM, BRASHER, and EDMONDSON, Circuit Judges.

PER CURIAM:

Darryl Smith appeals his convictions for attempting to entice a minor to produce child pornography and for attempting to entice a minor to engage in lewd or lascivious battery. No reversible error has been shown; we affirm.

This case arises from an undercover operation targeting adults interested in having sex with children. As part of the investigation, an agent created a profile on an online chat application, posing as a fictitious girl named Bri. Smith contacted "Bri" through the chat application. Although Bri's profile represented that she was 20 years' old, Bri told Smith during their first conversation that she was in fact only 14 years' old. Smith asked Bri to text him and provided his phone number.

Smith then exchanged a series of text messages with Bri over several days, during which Smith made sexually explicit comments, asked Bri to send him pornographic photos of herself, and sent Bri a photo of his penis. Smith also made arrangements to meet Bri in person. When Smith arrived at the planned meeting location, he was arrested.

Smith was charged with (1) attempted enticement of a minor to produce child pornography, in violation of 18 U.S.C. §§ 2422(b) and 2426 (Count 1); (2) production of a notice seeking and

offering to receive depictions of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2251(d)(1)(A), (d)(2)(B), and (e) (Count 2); and (3) attempted enticement of a minor to engage in lewd or lascivious battery, in violation of 18 U.S.C. §§ 2422(b) and 2426 (Count 3). Smith proceeded to trial, after which the jury found Smith guilty of the charged offenses.[*] The district court sentenced Smith to 120 months' imprisonment on each of Counts 1 and 3, to run concurrently.

On appeal, Smith challenges the district court's denial of his motion for judgment of acquittal. Smith contends that he was the victim of entrapment by the government and that the government failed to introduce evidence sufficient to prove that he was predisposed to commit the charged child-enticement offenses.

"We review *de novo* a district court's denial of judgment of acquittal on sufficiency of the evidence grounds." *United States v. Rodriguez*, 732 F.3d 1299, 1303 (11th Cir. 2013). In making that determination, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." *Id.* We will not overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.*

---

[*] Smith's conviction on Count 2 was later vacated in the light of our intervening decision in *United States v. Caniff*, 955 F.3d 1183 (11th Cir. 2020).

"Entrapment is an affirmative defense that requires (1) government inducement of the crime, and (2) lack of predisposition on the part of the defendant to commit the crime before the inducement." *United States v. Rutgerson*, 822 F.3d 1223, 1234 (11th Cir. 2016). If a defendant satisfies his initial burden of production by showing "some evidence" of inducement, the burden shifts to the government to prove beyond a reasonable doubt that the defendant was predisposed to commit the crime. *United States v. Ryan*, 289 F.3d 1339, 1343 (11th Cir. 2002). When -- as in this case -- the inducement element is not at issue and the jury rejects a defendant's entrapment defense, "our review is limited to deciding whether the evidence was sufficient for a reasonable jury to conclude beyond a reasonable doubt that the defendant was predisposed to take part in the illicit transaction." *See Rutgerson*, 822 F.3d at 1234-35 (brackets omitted).

Whether a defendant is "predisposed" to commit a crime "is a fact-intensive and subjective inquiry, requiring the jury to consider the defendant's readiness and willingness to engage in the charged crime absent any contact with the government's agents." *Id.* at 1235. We have said that "[p]redisposition may be demonstrated simply by a defendant's ready commission of the charged crime." *Id.* "A predisposition finding is also supported by evidence that the defendant was given opportunities to back out of illegal transactions but failed to do so." *Id.*

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable

factfinder to conclude beyond a reasonable doubt that Smith was predisposed to violate section 2422(b). First, the text-message exchange between Smith and Bri -- an exchange that took place after Smith learned that Bri was 14 years' old -- evidences Smith's readiness and willingness to commit the charged child-enticement offenses. Smith brought up the topic of sexual activity almost immediately, asking Bri about the oldest guy she had "been with." Over the next few days, Smith continued asking Bri about her sexual experience, asking about her willingness to have sex with someone his age (29), and expressing his desire to engage in sexual activity with her. Smith also asked Bri repeatedly to send him "sexy" photos of herself, including directing Bri to take pornographic photos to send to him. When Bri responded that she felt embarrassed and uncomfortable doing so, Smith sent Bri a pornographic photo of himself and later told Bri that she "owed" him a photo in return.

The record also demonstrates that Smith continued pursuing Bri -- and the topic of sex -- after being given several opportunities (over several days) to end his communication with her. In a post-*Miranda* statement, Smith also admitted that he had been text-messaging about "sexual stuff" with an underage girl.

We are satisfied that this evidence was sufficient to allow the jury to find reasonably that Smith was predisposed to commit the child-enticement offenses. *See Rutgerson*, 822 F.3d at 1235 (concluding that the evidence supported a finding of predisposition when the defendant initiated online contact with a fictitious girl, "readily proceeded to attempt to arrange a sexual encounter" after

6                Opinion of the Court                21-13334

learning that the girl was 15 years' old, declined repeated opportunities to back out of the arranged meeting with the girl, and made post-arrest statements indicating his belief that he had been communicating with a 15-year-old).

On appeal, Smith points to evidence he says supports a finding of no predisposition, including (1) the lack of evidence that Smith had previously sought out minors for sexual encounters; (2) that Smith found Bri's profile on an online site restricted to people over the age of 18 and believed initially that Bri was 20 years' old; and (3) that in some of his texts, Smith said he did not intend to have sex with Bri.

We stress that "the jury is free to choose among reasonable constructions of the evidence" and, thus, "the evidence may be sufficient even if it is not entirely inconsistent with conclusions other than guilt." *See United States v. Ndiaye*, 434 F.3d 1270, 1294 (11th Cir. 2006). Here, sufficient evidence supports the jury's finding that Smith was predisposed to commit the charged offenses. That other evidence existed that might have allowed the jury to make a different reasonable finding about predisposition is not enough to overturn the jury's verdict. *See Rodriguez*, 732 F.3d at 1303 ("A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt."). Nor is it dispositive that Smith had no prior criminal history of sex offenses against minors. *See Rutgerson*, 822 F.3d at 1234 ("Existence of prior related offenses is relevant, but not dispositive [of predisposition].").

21-13334                Opinion of the Court                7

Because the evidence was sufficient to permit a jury to conclude reasonably that Smith was guilty beyond a reasonable doubt, the district court committed no error in denying Smith's motion for judgment of acquittal.

AFFIRMED.